Frank R. Schirripa
HACH ROSE SCHIRRIPA & REHNS LLP
112 Madison Avenue, 10th Floor
New York, New York 10016
Tel.: (212) 213-8311
Fax: (212) 779-0028
*fschirripa@hrsrlaw.com*
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MOISES MORALES,

               Plaintiffs,

     -against-

TIMONI INC., GENT KASMI, AMER KASMI,
and ARBEN KASMI,

               Defendants.

**Civil No. 1:26-cv-2446 (JMF)**

**ANSWER TO COMPLAINT**

Defendants TIMONI INC., GENT KASMI, AMER KASMI, and ARBEN KASMI, (collectively

"Defendants"), by and through their attorneys, Hach Rose Schirripa & Rehns LLP, as and for

their Answer to the Complaint of Plaintiff MOISES MORALES ("Plaintiff") (Plaintiff's

Complaint is referred to as the "Complaint"), state and allege as follows:

**JURISDICTION AND VENUE**

1.     Defendants admit that this Court has original federal question jurisdiction and

supplemental jurisdiction over the New York State law claims, in so far as Plaintiff purport to state

claims pursuant to the Fair Labor Standards Act and New York Labor Law and supporting

regulations.

## PARTIES, JURISDICTION AND VENUE

2.      Defendants admit that venue is proper in this District because Defendants conduct business in this District and the acts or omissions giving rise the claims alleged in the Complaint are alleged to took place in this District.

3.      Defendants admit the allegations of paragraph 3 of the Complaint.

4.      Defendants admit the allegations of paragraph 4 of the Complaint.

5.      Defendants admit the allegations of paragraph 5 of the Complaint.

6.      Defendants admit the allegations of paragraph 6 of the Complaint, except deny the allegations that Gent Kasmi and Arben Kasmi maintain an ownership interest in Timoni Inc.

7.      Defendants admit the allegations of paragraph 7 of the Complaint.

8.      Defendants admit the allegations of paragraph 8 of the Complaint.

## FACTS

9.      The allegations in paragraph 9 of the Complaint constitute conclusions of law rather than averments of fact and, accordingly, no response is required.

10.     The allegations in paragraph 10 of the Complaint constitute conclusions of law rather than averments of fact and, accordingly, no response is required.

11.     Defendants admit that Plaintiff would generally work from 11:00 a.m. to 10:00 p.m. on Monday, Wednesday, Saturday and Sunday, with a break between 4:00 and 5:00 p.m., and a dinner shift on Fridays.

12.     Defendants deny the allegations of paragraph 12 of the Complaint.

13.     Defendants deny the allegations of paragraph 13 of the Complaint.

14.     Defendants admit that Friday dinner shifts were typically 4:00 p.m to 11:00 p.n. and only in rare cases until 11:30 p.m.

15.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint

16.     As to the allegations in paragraph 16 of the Complaint, Defendants admit that Plaintiff paystubs reflected 26 hours per week, but deny that this was the only payment that Plaintiff received from Defendants.

17.     Defendants deny that it was Defendant Gent Kasmi who made the decision to pay Plaintiff 26 hours per week, as for the remaining allegation in paragraph 17 of the Complaint, Defendants admit that Plaintiff was told he would receive a larger share of tips.

18.     The allegations in paragraph 18 of the Complaint constitute conclusions of law rather than averments of fact and, accordingly, no response is required.  As to the attempted characterization of the provisions of the relevant wage order, Defendants refer to the provisions of such wage order for the contents thereof.  To the extent a response is required, Defendants deny the allegations in paragraph 18 of the Complaint.

19.     Defendants admit the allegations in paragraph 19 of the Complaint. As to the attempted characterization of the provisions of the relevant wage order, Defendants refer to the provisions of such wage order for the contents thereof.

20.     Defendants admit that Plaintiff was paid $11 per hour for 26 hours per week, per the New York tip credit minimum wage in 2025, but deny the remaining allegations in paragraph 20 of the Complaint. As to the attempted characterization of the provisions of the relevant wage order, Defendants refer to the provisions of such wage order for the contents thereof.

21.     The allegations in paragraph 21 of the Complaint constitute conclusions of law rather than averments of fact and, accordingly, no response is required.

22.     The allegations in paragraph 22 constitute conclusions of law rather than averments of fact and, accordingly, no response is required.  To the extent a response is required, Defendants admit that they never provided Plaintiff with written notice that they were taking a tip credit.

23.     The allegations in paragraph 23 constitute conclusions of law rather than averments of fact and, accordingly, no response is required.  To the extent a response is required, Defendants admit that they never provided Plaintiff with any written wage notice that included notice of the tip credit.

24.     The allegations in paragraph 24 constitute conclusions of law rather than averments of fact and, accordingly, no response is required.  To the extent a response is required, Defendants admit that Plaintiff's paystubs listed 26 hours per week rather than Plaintiff's actual hours worked, however, Defendants deny the remaining allegations contained in paragraph 24 of the Complaint.

25.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26.     Defendants admit the allegations in paragraph 26 of the Complaint

27.     Defendants deny the allegations of paragraph 27 of the Complaint.

28.     Defendants deny the allegations of paragraph 28 of the Complaint.

## FIRST CLAIM FOR RELIEF
### (FLSA Overtime, 29 U.S.C. § 201, *et seq.*)

29.     In response to the allegations set forth in paragraph 29 of the Complaint, Defendants repeat and reallege the prior responses as if fully set forth herein.

30.     The allegations in paragraph 30 of the Complaint constitute conclusions of law rather than averments of fact and, accordingly, no response is required.   To the extent a response is required, Defendants admit the allegations.

31.     Defendants admit the allegations contained in paragraph 31 of the Complaint.

32.    Defendants deny the allegations contained in paragraph 32 of the Complaint.

33.    Defendants deny the allegations contained in paragraph 33 of the Complaint.

## SECOND CLAIM FOR RELIEF
### (FLSA Tip Misappropriation, 29 U.S.C. § 201, *et seq.*)

34.    In response to the allegations set forth in paragraph 34 of the Complaint, Defendants repeat and reallege the prior responses as if fully set forth herein.

35.    The allegations in paragraph 35 of the Complaint constitute conclusions of law rather than averments of fact and, accordingly, no response is required.  To the extent a response is required, Defendants deny the allegations.

36.    Defendants deny the allegations contained in Paragraph 36 of the Complaint.

## THIRD CLAIM FOR RELIEF
### (FLSA Minimum Wage, 29 U.S.C. § 201, *et seq*)

37.    In response to the allegations set forth in paragraph 37of the Complaint, Defendants repeat and reallege the prior responses as if fully set forth herein.

38.    The allegations in paragraph 38 of the Complaint constitute conclusions of law rather than averments of fact and, accordingly, no response is required.   To the extent a response is required, Defendants deny the allegations.

39.    Defendants deny the allegations contained in Paragraph 39 of the Complaint.

## FOURTH CLAIM FOR RELIEF
### (New York Minimum Wage, N.Y. Lab. L. §§650, *et seq.*)

40.    In response to the allegations set forth in paragraph 40 of the Complaint, Defendants repeat and reallege the prior responses as if fully set forth herein.

41.    The allegations in paragraph 41 of the Complaint constitute conclusions of law rather than averments of fact and, accordingly, no response is required.   To the extent a response is required, Defendants deny the allegations.

42.    Defendants deny the allegations contained in Paragraph 42 of the Complaint.

## FIFTH CLAIM FOR RELIEF
### (New York Overtime, 12 NYCRR § 146-1.4)

43.    In response to the allegations set forth in paragraph 43 of the Complaint, Defendants repeat and reallege the prior responses as if fully set forth herein.

44.    The allegations in paragraph 44 of the Complaint constitute conclusions of law rather than averments of fact and, accordingly, no response is required.  To the extent a response is required, Defendants deny the allegations.

45.    Defendants deny the allegations contained in Paragraph 45of the Complaint.

## SIXTH CLAIM FOR RELIEF
### (New York Spread of Hours, 12 NYCRR § 146-1.6)

46.    In response to the allegations set forth in paragraph 46 of the Complaint, Defendants repeat and reallege the prior responses as if fully set forth herein.

47.    The allegations in paragraph 47 of the Complaint constitute conclusions of law rather than averments of fact and, accordingly, no response is required.   To the extent a response is required, Defendants deny the allegations.

48.    Defendants deny the allegations contained in Paragraph 48 of the Complaint.

## SEVENTH CLAIM FOR RELIEF
### (New York Tip Misappropriation, 12 NYCRR § 196-d)

49.    In response to the allegations set forth in paragraph 49 of the Complaint, Defendants repeat and reallege the prior responses as if fully set forth herein.

50.    The allegations in paragraph 50 of the Complaint constitute conclusions of law rather than averments of fact and, accordingly, no response is required.   To the extent a response is required, Defendants deny the allegations.

6

51.    Defendants deny the allegations contained in Paragraph 51 of the Complaint.

## EIGHTH CLAIM FOR RELIEF
### (New York Notice Requirements, N.Y. Lab. L. §§195, 198)

52.    In response to the allegations set forth in paragraph 52 of the Complaint, Defendants repeat and reallege the prior responses as if fully set forth herein.

53.    The allegations in paragraph 53 of the Complaint constitute conclusions of law rather than averments of fact and, accordingly, no response is required.  To the extent a response is required, Defendants deny the allegations.

54.    Defendants deny the allegations in paragraph 54 of the Complaint.

## ANSWER TO PRAYER FOR RELIEF

In response to the Prayer for Relief following paragraph 54 of the Complaint, Defendants deny that Plaintiff is entitled to the relief set forth therein or to any other relief.

## JURY DEMAND

In response to Plaintiffs Jury Demand, Defendant contends that this constitutes a conclusion of law rather than averments of fact and, accordingly, no response is required.

## DEFENDANTS' AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has been paid all monies owed to them.

## FOURTH AFFIRMATIVE DEFENSE

Some or all of the claims asserted in the Complaint are barred because all acts or omissions were in good faith conformity with and reliance on the written administrative regulations, orders, rulings, approvals, and/or interpretations of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or the New York State Department of Labor.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff may not recover liquidated damages because (i) Defendants acted reasonably and in good faith, had reasonable grounds for believing that their acts were not a violation of the Fair Labor Standards Act and/or New York Labor Law and did not commit any willful violation of any of the provisions of the Fair Labor Standards Act or New York Labor Law; (ii) Defendants did not authorize or ratify any willful violation with respect to the Plaintiff; and (iii) Plaintiff has failed to plead facts sufficient to support recovery of such damages.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to some or all of the relief requested in the Complaint because, even if any unlawful practice(s) occurred, which Defendants deny, such practice(s) was/were prohibited by Defendants' policies.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants' actions were not willful, without justification, or in violation of the duty of good faith and fair dealing.

## EIGHTH AFFIRMATIVE DEFENSE

The damages claimed by Plaintiff is barred to the extent they are speculative in nature.

## NINTH AFFIRMATIVE DEFENSE

The Complaint fails to state a claim for which compensatory, punitive or liquidated damages may be granted.

## TENTH AFFIRMATIVE DEFENSE

Defendants are entitled to an offset with respect to any damages, the existence of which is expressly denied, allegedly suffered by Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because some or all of the time for which compensation is sought is *de minimis* and therefore is not compensable.

## TWELVETH AFFIRMATIVE DEFENSE

The Complaint is barred, in whole or in part, because it requests relief which exceeds that available under applicable law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff may not recover liquidated damages and prejudgment interest because such relief would amount to a "double recovery."

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants believed, and had a good faith basis for believing, that their wage statements were accurate and in compliance with applicable law(s).

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendants Gent Kasmi, Amer Kasmi, and Arben Kasmi are not and were not an employer under the FLSA and the NYLL.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring claims under NYLL § 195(1) and 195(3) and have not made out an injury-in-fact for the alleged failure to provide wage notices and statements under those statutes.

## SEVENTEENTH AFFIRMATIVE DEFENSE

All affirmative defenses set forth in the New York Wage Theft Prevention Act including but not limited to Defendants having made complete and timely payment of all wages due.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff is precluded from recovering any amounts from Defendants for failure to pay compensation for hours worked because such time was worked without knowledge or approval.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim pursuant to New York Labor Law § 195 is also barred because, to the extent Plaintiff did not receive any required notice pursuant to that law, Defendants reasonably believed in good faith that they were not required to provide the employees with notice pursuant to the law.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants reserve the right to plead, assert, and rely upon all proper affirmative defenses lawfully available, including those which may be disclosed or discovered through further assertions by Plaintiffs or discovery.

**WHEREFORE**, Defendants request judgment against Plaintiff with respect to their claims asserted herein, dismissing the Complaint in this action, and entering judgment in favor of Defendants, together with costs and disbursements of the above-entitled action and any other relief this Court may deem just and proper.

Dated: New York, New York
      May 12, 2026

                                      Respectfully submitted,

                                      **HACH ROSE SCHIRRIPA & REHNS LLP**

                                      By: */s/ Frank R. Schirripa*

                                          Frank R. Schirripa
                                          112 Madison Avenue, 10th Floor
                                          New York, NY 10016
                                          Telephone: (212) 213-8311
                                          Facsimile: (212) 779-0028

                                        *Counsel for Defendants*